101233-5/12178716

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ANGELINA RIVERA, as mother
and legal Guardian of YC, a minor,

     Plaintiff,                   **CASE NO. 6:21-cv-1097**

vs.                           STATE COURT CASE NO. 2021-CA-1337-ON

BJs WHOLESALE CLUB, INC.,

     Defendant.

_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, BJ's Wholesale Club, Inc. ("BJ's"), by and through its undersigned counsel and pursuant to M.D. Fla. L.R. 4.02 and 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case from the Circuit Court of the Ninth Judicial Circuit in and for and Osceola County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.  In support of this Notice, this Defendant states:

### I.  INTRODUCTION

This case arises from an alleged incident wherein the minor Plaintiff allegedly fell and struck her face on the floor while attempting to climb upon a folding chair at this Defendant's store, on or around September 26, 2018.

CASE NO. 2021-CA-1337-ON

Copies of the docket sheet and all available processes, pleadings, and other papers served in the state action are being filed simultaneously with this Notice of Removal, as required by 28 U.S.C. § 1446(b), and Local Rule 4.02(c) of the United States District Court for the Middle District of Florida.

According to Plaintiff's Complaint, "the chair collapsed and caused the minor child to fall to the ground, impacting her little face on the cement floor." Pl.'s Compl., at ¶ 11. Plaintiff's Complaint asserts a claim for ordinary negligence against BJ's. BJ's was served with a Copy of the Complaint on 5/27/2021. This Defendant served its Motion to Dismiss on 6/16/21, and propounded initial discovery on Plaintiff, in the form of a Request for Admission, Request to Produce, and First Set of Interrogatories on that same date. It is believed, more likely than not, Plaintiff's claim for damages in this matter, exclusive of interest and costs, exceeds $75,000.00. Furthermore, it is believed that all parties are diverse. Therefore, as discussed *infra*, this Defendant wishes to remove this matter pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

## II. LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts

CASE NO. 2021-CA-1337-ON

have original jurisdiction over civil actions brought in diversity, in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a)(1) (2014). Federal district courts also have original jurisdiction "of all civil actions arising under the Constitution, law, or treaties of the United States."  28 U.S.C. § 1331 (2014).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

This Defendant invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 as BJ's is incorporated in the State of Delaware and has its principal place of business in Westborough, Massachusetts.  **See 2021 Foreign Profit Corporation Annual Report, filed on March 15, 2021 by BJ's Wholesale Club, Inc., attached hereto as Exhibit "A"; see also 2020 Foreign Profit Corporation Annual Report, filed on April 9, 2020 by BJ'S Wholesale Club, Inc., attached hereto as Exhibit "B"**.  According to the Complaint, Plaintiff is a citizen of Osceola County, Florida.  **See Complaint at ¶3.** Further, based upon the categories of damages pled within the Complaint, the pre-suit demand made by plaintiff, and Plaintiff's responses to this Defendant's Requests for Admission, as discussed

CASE NO. 2021-CA-1337-ON

below, Defendant believes it is readily apparent that Plaintiff's claim for damages, exclusive of interest and costs, exceeds $75,000.00.

Pursuant to 28 U.S.C. § 1446:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

. . .

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1) & (b)(3) (2014).

As stated, service of process of Plaintiff's Complaint on BJ'S was had on May 27, 2021. Plaintiff commenced and served this action on May 27, 2021 by averring a claim for damages that exceeded Thirty Thousand Dollars ($30,000.00). **See Complaint at**. ¶1. Upon receiving Plaintiff's responses to Defendant's Request for Admission on 6/21/21, a copy of which is included in the State Court Other Documents filed herewith, Defendant attained a good faith belief that the amount in controversy more probably than not exceeds $75,000, and immediately begun

CASE NO. 2021-CA-1337-ON

proceeding with this notice. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b) (2013).

Venue exists in the Middle District of Florida, Orlando Division, because the Circuit Court for Osceola County, Florida, is within the Orlando Division.  See M.D. FLA. L.R. 1.02(b)(3).  Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' counsel, and a copy will be promptly filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, pursuant to 28 U.S.C. § 1446(d).

### A. Diversity of Citizenship Exists

"Diversity jurisdiction must exist at the time an action is filed."  Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991), aff'd sub nom., Las Vistas Villas v. Petersen, 13 F.3d 409 (11th Cir. 1994).  The party asserting the existence of diversity jurisdiction bears the burden of pleading the existence of that jurisdiction, and if diversity jurisdiction is challenged, that party also bears the burden of establishing jurisdiction by a preponderance of the evidence. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  Ultimately, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

- 5 -

CASE NO. 2021-CA-1337-ON

For purposes of determining entity diversity, a corporation is considered a citizen of the state where it has been incorporated and of the state in which it has its principle place of business.  28 U.S.C. § 1332(c)(1).  In <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 80-81 (2010), the Supreme Court explained that a corporation's principal place of business means the nerve center of the corporation, which will typically be found at the corporation's headquarters.  There, two California citizens sued Hertz in California state court for alleged violations of California's wage and hour laws.  <u>Id.</u> at 81.  When Hertz removed the action to federal court, both the district court and Ninth Circuit Court of Appeals found that removal was improper, concluding Hertz was a citizen of California because that was where the plurality of its relevant business activities occurred.  <u>Id</u> at 83.

To resolve a conflict regarding application of the "nerve center test" versus "total activity test," the Supreme Court granted *certiorari* and held that the "place where the corporation maintains its headquarters . . . i.e., the nerve center" is the appropriate test for analyzing the citizenship of corporate defendants.  <u>Id.</u> at 93.  Thus, despite doing a substantial amount of business in California, the Supreme Court concluded that in addition to the state of incorporation, Hertz was also a citizen of New Jersey, where its headquarters was located.  <u>Id.</u>

CASE NO. 2021-CA-1337-ON

Turning to the issue of citizenship of individuals, courts look to a party's domicile, or the place "a person calls home." Brown v. Mutual of New York Life Ins. Co., 213 F. Supp. 2d 667 (S.D. Miss. 2002). Importantly, the Middle District has noted that, "[i]n determining domicile, a court should consider both positive evidence and presumptions." Jones v. L. Firm of Hill and Ponton, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). The Court also notes that it is a well-established rule that a party's current residence is prima facie evidence of her domicile. Estate of Cochran by & through Pevarnek v. Marshall, No. 8:17-CV-1700-T-36TGW, 2017 WL 5899200, at 3 (M.D. Fla. Nov. 30, 2017) (citing Deckers v. Kenneth W. Rose, Inc., 592 F. Supp. 25, 28 (M.D. Fla. 1984)). Furthermore, public information such as voter registration, driver's license, deed, location of real property, etc. can fully support a finding of an individual's citizenship/domicile for purposes of a Diversity Jurisdiction analysis. See Smyth v. Hillstone Rest. Grp., Inc., No. 13-80217-CIV, 2013 WL 2048188, at 2 (S.D. Fla. May 14, 2013). In the context of a minor Plaintiff, as is the case here, The US Supreme Court has held that the minor child's citizenship/domiciliary status is the same as his or her parents. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citing Yarborough v. Yarborough, 290 U.S. 202, 211, 54 S.Ct. 181, 185, 78 L.Ed. 269 (1933)).

CASE NO. 2021-CA-1337-ON

As alleged in the Plaintiff's Complaint, the parties in this case are of diverse citizenship.  Plaintiff is a citizen of the State of Florida, residing in Osceola County, Florida. **See Complaint at ¶3**.  Pursuant to minor Plaintiff's medical records from the presentation to Osceola Regional Medical Center on 9/26/18, her address (as well as both of her parents' address) is 2017 Emmett St., Kissimmee, Florida confirming the allegations within the Complaint that Plaintiffs reside in and are in fact citizens of Osceola County, Florida. This is further reinforced by minor Plaintiff's father, Michael Canales', Florida Voter Registration, which is active as of 6/29/21 and lists the same address. See Copy of Michael Canales Florida Voter Registration Lookup, attached hereto as **Exhibit "C".** BJ'S is incorporated in Delaware and has its principal place of business in Westborough, Massachusetts. **See Exhibits "A" and "B".**  Accordingly, for diversity purposes, BJ'S is solely a citizen of Massachusetts, while  Plaintiffs are citizens of Florida.  **See Complaint at ¶3**.  As such, there is complete diversity among the parties in this matter.

### B. The Amount in Controversy Exceeds $75,000

Regarding the quantitative amount in controversy requirement, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir.2001) (citing Snyder

CASE NO. 2021-CA-1337-ON

v. Harris, 394 U.S. 332, 334 (1969)).  Today, the threshold amount in controversy for diversity jurisdiction, excluding interest and costs, is that which exceeds $75,000.  28 U.S.C. § 1332(a) (2014) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]").

Plaintiff's Complaint contains an unspecified demand for damages in excess of $30,000.  **See Complaint at ¶1**.  Where, as here, the jurisdictional amount is not expressly alleged, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); see also Roe v. Michelin N. America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007) (holding that jurisdiction is proper where "the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them").  A court may also consider the removal notice and post-removal evidence concerning the amount in controversy.  See Id. at 1213.

When a plaintiff seeks "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy 'more likely

CASE NO. 2021-CA-1337-ON

than not' exceeds $75,000." <u>Everett v. Verizon Wireless, Inc.</u>, 460 F.3d 822 (6th Cir. 2006).

District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 770 (11th Cir. 2010). Further, "[a] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." <u>Id.</u> at 754. In conducting this analysis, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." <u>Roe</u>, 613 F.3d at 1062.  As one district court explained, "[c]ertain injuries are by their very nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied."  <u>See</u> <u>Sanderson v. Daimler Chrysler Motor Corp.</u>, No. 07-0559-WS-B, 2007 WL 2988222, at *1 (S.D. Ala. Oct. 9, 2007).

Of note, in the <u>Sanderson</u> case, the Complaint alleged that "Theresa Sanderson has experienced 'serious and permanent disfigurement to her face and body." <u>Id.</u> at 2. The Court went on to note that such an allegation was sufficient to meet the defendant's burden of establishing that the amount in controversy more likely than not exceeded $75,000. <u>Id.</u>

CASE NO. 2021-CA-1337-ON

Accordingly, this Defendant must prove by a preponderance of the evidence that based on the information contained therein, the amount in controversy more likely than not exceeds the requisite jurisdictional amount. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356–57 (11th Cir. 1996) (recognizing "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (2000).

The preponderance of the evidence standard is clearly met in this case. As a result of the accident, Plaintiff claims bodily injuries to her face and head, including a right nasal bone fracture and swelling as a result of the alleged impact between her face and the cement floor. Clearly, a head/face injury resulting in Plaintiff's head allegedly impacting the cement floor and resulting in a facial fracture is a significant injury for which significant damages in excess of $75,000 are more likely than not to be sought.

Plaintiff further alleges that she "suffered permanent and debilitating bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition." Plaintiff

CASE NO. 2021-CA-1337-ON

herself describes these losses as "permanent or continuing" and avers that she will continue to endure losses in the future.  **See Complaint at ¶ 15**.

In other cases, federal courts have found that less serious allegations than those present here, where Plaintiff alleges at least ten distinct categories of damages, satisfy the amount in controversy requirement.  See, e.g., Andrews v. E.I. Du Pont De Nemours & Co., 447 F.3d 510, 515 (7th Cir. 2006) (finding the jurisdictional amount requirement met where plaintiff alleged severe and permanent injuries, pain and suffering, and medical expenses); Gebbia v. Wal-Mart Stores, 233 F.3d 880, 888 (5th Cir. 2000) (holding that alleged damages in a slip-and-fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount); Carleton v. CRC Indus., Inc., 49 F.Supp.2d 961, 962 (S.D. Tex. 1999) (stating that it is "undeniably facially apparent" that the jurisdictional amount is met where plaintiff alleged he contracted leukemia from defendant's chemicals); Quinn v. Kimble, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (holding the amount in controversy requirement satisfied where plaintiff sought compensation for past and future medical expenses, lost wages, and damages for loss of enjoyment of life).

CASE NO. 2021-CA-1337-ON

Therefore, this Court should "look to the notice of removal to make an independent evaluation of the monetary value of the claims asserted." Shear Healthcare Res., Inc. v. TNI, Inc., No. 94-572-CIV-T-17-C, 1994 WL 383936 at *3 (M.D. Fla. 1994).  In so doing, it is readily apparent by a preponderance of the evidence that the amount in controversy requirement is satisfied by the allegations contained within Plaintiff's Complaint.

"(D)istrict courts must make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is facially apparent that a case is removable." Black v State Farm Mut. Auto Ins. Co., 2010 WL 4340281 (S.D.Fla. Oct. 22, 2010).

In this case, Plaintiff seeks recovery of an amount in excess of the jurisdictional amount in controversy requirement, exclusive of interest and costs. As stated, Plaintiff seeks unspecified damages, exclusive of interest and costs, in excess of $30,000.  Plaintiff's alleged damages pled include (i) debilitating bodily injury; (ii) pain and suffering from those injuries; (iii) disability; (iv) disfigurement; (v) mental anguish; (vi) loss of the capacity for the enjoyment of life; (vii) expenses of hospitalization; (viii) medical and nursing care and treatment; and (ix) aggravation of previously existing condition.   Moreover, Plaintiff claims that her

CASE NO. 2021-CA-1337-ON

injuries are permanent or continuing and that she will suffer losses into the future. **See Complaint at ¶ 15**.

In addition to the foregoing, Plaintiff provided a pre-suit demand letter to this Defendant. While Plaintiff's demand may not necessarily wholly satisfy this Defendant's burden of proof on the amount in controversy issue, it may certainly be considered by this Court. See Zabala v. Geovera Specialty Ins. Co., No. 8:10-cv-2222-T-30EAJ, 2010 WL 4680851, at *2 (M.D. Fla. Nov.10, 2010) (noting that plaintiff's pre-suit demand supported the amount-in controversy requirement); see also AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc., 268 Fed. Appx. 864, 866 (11th Cir. 2008) (considering a pre-suit demand letter to analyze the amount in controversy).

Within the Demand Letter, Plaintiffs included references to medical expenses of over $12,038.59 as of May 6, 2019, over two years ago. See Pl.'s Pre-Suit Demand Letter Dated 5/6/19, attached hereto as **Exhibit "D"**. Also therein, Plaintiffs contend that "when young "YC" attempted to sit on the chair, it collapsed thereby causing the child to fall over and hit her face against a crate. Young "YC" began gasping for air and began to lose color." Id. at 1. The Demand Letter continues by indicating that minor Plaintiff was ultimately diagnosed with a right nasal bone fracture with mild associated soft tissue swelling, for which she

continued treatment with various physicians. Id. at 2. AS noted within the demand letter, minor Plaintiff was planning to undergo treatment with specialists such as an otolaryngologist and ophthalmologist. Id. at 3. Given Plaintiffs' intent to continue treatment, taken together with the allegation within the Complaint that minor Plaintiff suffered permanent injury and has undergone continuing treatment, a "reasonable inference", as this Court is permitted to make as discussed above, is that the amount of medical expenses at issue have increased substantially in the two years since Plaintiffs' demand sufficiently to meet the amount in controversy requirement. Furthermore and notably, Plaintiff's demand concludes by demanding $400,000.00 in settlement of this claim. Id. at 4. Thus, Plaintiff's demand is far in excess of the jurisdictional amount, thereby supporting that the amount in controversy requirements has been met.

Finally, the undersigned has propounded initial discovery to Plaintiff consisting of Requests for Production, Interrogatories, and Requests for Admission on June 16, 2021. Each of these sought more information on Plaintiff's injuries, and the Requests for Admission explicitly asked that Plaintiffs admit that the amount if controversy exceeds $75,000. To date, Plaintiffs have only responded to the undersigned's Requests for Admission, which were served on 6/16/21 and are included in the State Court Other Documents filed herewith. Plaintiffs

CASE NO. 2021-CA-1337-ON

responded to this Defendant's Request that they admit the amount in controversy was in excess of $75,000.00 by stating "Denied as worded." Notably, this is not an outright denial that the amount in controversy exceeds $75,000. However, Plaintiff's "Denied" the following request: "[t]he total damages you seek in this case, including, *inter alia*, lost wages, loss of consortium, past medical bills and expenses, future medical bills and/or treatment, and mental pain/suffering is less than $75,000.00. Accordingly, Plaintiff's have denied that the amount of damages sought is *less than* $75,000, thereby endorsing that the amount sought is in excess of $75,000.00. This admission, taken in conjunction with the abovementioned voluminous evidence, clearly meets the burden of the amount in controversy necessary for a removal on the basis of diversity jurisdiction, which this Defendant seeks here.

Consequently, this Court should look to the face of the Complaint and "the notice of removal to make an independent evaluation of the monetary value of the claims asserted", and find that this case clearly meets both the diversity and amount in controversy requirements for diversity jurisdiction.  Shear Healthcare Res., Inc. v. TNI, Inc., No. 94-572-CIV-T-17-C, 1994 WL 383936 at *3 (M.D. Fla. 1994).

III.    CONCLUSION

CASE NO. 2021-CA-1337-ON

WHEREFORE, upon consideration of the foregoing, Notice is hereby given that Defendant, BJ'S WHOLESALE CLUB, INC., removes this case from the Circuit Court of the Ninth Judicial Circuit in and for and Osceola County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted this 1st Day of July, 2021.

> */s/ Patrick L. Mixson*
> Patrick L. Mixson, Esquire (Trial Counsel)
> Florida Bar No. 84500
> Ryan A. Hestbeck, Esquire
> Florida Bar No. 1018583
> WICKER SMITH O'HARA MCCOY & FORD, P.A.
> Attorneys for BJ's Wholesale Club, Inc.
> 390 N. Orange Ave., Suite 1000
> Orlando, FL 32801
> Phone: (407) 843-3939
> Fax: (407) 649-8118
> ORLcrtpleadings@wickersmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on July 1, 2021 and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of

CASE NO. 2021-CA-1337-ON

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

_/s/ Patrick L. Mixson_
Patrick L. Mixson

## **SERVICE LIST**

Fanny Nater, Esquire
Nater Law Firm, PLLC
337 N. Fern Creek Avenue
Orlando, FL 32803
fanny@naterlaw.com